IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DELTA STATE UNIVERSITY FOUNDATION and
DELTA STATE UNIVERSITY                                                                    PLAINTIFFS

V.                                                            CIVIL ACTION NO. 4:17-CV-00126-NBB-JMV

GLOBAL SYNTHETIC ENVIRONMENTAL, LLC,
d/b/a GEOSURFACES and GEO-SURFACES                                              DEFENDANTS

MEMORANDUM OPINION

This cause comes before the court upon the plaintiffs' motion to remand. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

The instant dispute arises out of a contract entered into on June 11, 2014, between Plaintiff Delta State University Foundation, Inc. ("Foundation") and Defendant Global Synthetic Environmental, LLC, d/b/a Geosurfaces and Geo-Surfaces ("Geosurfaces"). Pursuant to the contract, Geosurfaces was to construct and install an artificial turf football field on the property of Plaintiff Delta State University ("DSU"). Geosurfaces additionally issued to DSU an express warranty as to the field's construction.

Shortly after completion, the field began to deteriorate and Geosurfaces has since performed numerous repairs to temporarily cure the various defects. In June of 2017, DSU, as warranty holder, contacted Geosurfaces and requested that it provide DSU with a plan to permanently correct the field's problems. Geosurfaces rejected DSU's request and proposed, instead, to perform additional work at an additional cost as a temporary solution.

On July 13, 2017, one day after its proposal, Geosurfaces filed suit against the Foundation and DSU in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana, and asserted claims for breach of contract and declaratory relief.

The Foundation removed the Louisiana suit to the District Court for the Middle District of Louisiana. In support of removal, the Foundation argued, in pertinent part, that the Louisiana state court lacked personal jurisdiction and that DSU had been improperly joined because DSU was not a signatory to the underlying contract, had no affirmative obligations under the contract, and, consequently, could not be held liable for any alleged breach.

On July 21, 2017, the Foundation and DSU filed the instant suit in the Circuit Court of Bolivar County, Mississippi. The Foundation and DSU assert seven claims against Geosurfaces under contract, tort, and warranty theories. Geosurfaces promptly removed the action to this court on the basis of diversity jurisdiction. The Foundation and DSU now move to remand.

## Standard for Removal and Remand

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . *citizens* of different States." 28 U.S.C. § 1332(a)(1) (emphasis added).

"[R]emoval statutes are to be construed strictly against removal and in favor of remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). "The intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts." *Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638

(5th Cir. 2003) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288 (1938)). The removing party bears the burden of establishing the basis for diversity jurisdiction. *Id.*, *See also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Further, should the court have any doubts about its jurisdiction, "it should resolve those doubts by ordering a remand." *Dardeau v. West Orange-Grove Consolidated Independent School Dist.*, 43 F. Supp. 2d 722, 730 (E.D. Tex. 1999) (citing *Vasquez v. Alto Bonito Gravel Plant Corp.*, 56 F.3d 689, 694 (5th Cir. 1995)). In deciding a motion to remand, the court may, under certain circumstances, pierce the pleadings and consider "summary judgment-type evidence." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016).

When a court's jurisdiction is premised on diversity jurisdiction, "[t]he improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005). The removing party bears a heavy burden in demonstrating improper joinder. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). To establish improper joinder, the party seeking removal must demonstrate either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs*, 181 F.3d at 699). Under the second prong, the removing party must demonstrate that there is no reasonable basis for the court to predict that the non-diverse plaintiff might be able to recover against the defendant. *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Courts normally examine a claim of improper joinder by conducting a Rule 12(b)(6)-type analysis. *Id.*

Analysis

The parties concede that no federal question has been raised. Thus, for the court to have jurisdiction over this matter, it must be based on diversity of citizenship. Diversity jurisdiction

exists only when the action is one between "citizens" of different states. 28 U.S.C. § 1332(a)(1). "[I]t is beyond peradventure that 'a state is not a citizen for purposes of diversity jurisdiction,'" and, therefore, diversity jurisdiction is lacking when a state is a party. *Hood v. AstraZeneca Pharmaceuticals*, 744 F. Supp. 2d 590, 596 (N.D. Miss. 2010) (quoting *Moor v. Alameda County*, 411 U.S. 693, 717 (1973)).

This principle has been further extended to those state entities acting merely as the arm or alter ego of the state. *Tradigrain, Inc. v. Miss. State Port Authority*, 701 F.2d 1131, 1132 (5th Cir. 1983). In deciding whether a state entity is an arm or alter ego of the state, courts conduct the same analysis used to determine Eleventh Amendment Immunity. *Id.* It is well-settled, and the parties do not dispute, that DSU and all other public universities are arms of the state of Mississippi for purposes of the Eleventh Amendment. *See Kermode v. Univ. Miss. Med Ctr.*, 496 F. App'x 483 (5th Cir. 2012); *Hays v. LaForge*, 113 F. Supp. 3d 883 (N.D. Miss. 2015).

In moving to remand, DSU and the Foundation contend DSU's presence as a party deprives this court of diversity jurisdiction. In response, Geosurfaces argues that DSU has been improperly joined in this action to defeat federal jurisdiction. DSU and the Foundation have asserted seven different claims against Geosurfaces, each with distinct elements that must be proven. Geosurfaces fails to address a single claim. Instead, Geosurfaces makes a blanket assertion that the doctrine of judicial estoppel precludes any possibility of recovery without connecting it to any of the claims' essential elements.[1] For this reason alone, the court finds Geosurfaces' improper joinder argument to be without merit.

Even assuming, arguendo, that such a generalized argument were sufficient, the court finds judicial estoppel to be inapplicable on the facts presented. "The doctrine of judicial

---

[1] Geosurfaces makes an alternative argument that the Mississippi doctrines of equitable estoppel and quasi-estoppel apply. Geosurfaces, however, unequivocally asserts that Mississippi law is inapplicable. Accordingly, the court declines to address this argument.

4

estoppel is equitable in nature and can be invoked by a court to prevent a party from asserting a position in a legal proceeding that is inconsistent with a position taken in a previous proceeding." *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 261 (5th Cir. 2012). The doctrine's purpose is to "protect the integrity of the judicial process." *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001).

Courts consider the following three criteria in determining whether judicial estoppel should apply: (1) whether the party against whom judicial estoppel is sought has asserted a legal position that is "plainly inconsistent" with a position asserted in a prior case; (2) whether the court in the prior case accepted that party's original position, "thus creating the perception that one or both courts were misled," and (3) whether the party to be estopped acted intentionally. *In re Oparaji*, 698 f.3d 231, 235 (5th Cir. 2012).

Geosurfaces has failed to establish that DSU asserted plainly inconsistent positions in the two proceedings. DSU has consistently asserted, both in the Louisiana court and this court, that it is not a signatory to the underlying contract, has no affirmative obligations under the contract, and cannot be held liable for any alleged breach of the contract. The court has found no assertion by DSU that it has "no interest in the [present] dispute" as Geosurfaces alleges. It does not logically follow that simply because one cannot be held liable for a breach of contract that one has no interest in a dispute, in particular when that party has been given an express warranty, like DSU in the instant case.

Moreover, even were the court to accept Geosurfaces' contention that DSU has taken plainly inconsistent positions as true, Geosurfaces cannot demonstrate that the Louisiana court accepted such position. In an Order/Minute Entry for Proceedings entered on October 5, 2017, the Magistrate Judge in the Louisiana action decided that "based on the outstanding personal and subject matter jurisdiction issues pending before the [c]ourt . . . the [c]ourt will not issue a

scheduling order at this time." As the jurisdictional issues are still pending, no position, inconsistent or otherwise, has been accepted at this point. Further, the court finds it worth noting that Geosurfaces did not file a motion to remand the Louisiana action.

The court also briefly addresses Geosurfaces' assertion that DSU and the Foundation have shown a lack of candor to the court in these two proceedings. Despite Geosurfaces' contention, the Louisiana court is cognizant of the instant suit. This is evidenced by the aforementioned Magistrate's Order/Minute Entry for Proceedings stating that no scheduling order would be issued at that time, in part, because of "the status of the related case in Mississippi," and directing "the parties [] to keep the undersigned informed regarding any significant developments in the Mississippi litigation."

For these reasons, the court finds that judicial estoppel is inapplicable in the instant case and that Geosurfaces has failed to meet its heavy burden in demonstrating that DSU has been improperly joined. Accordingly, the court finds that DSU is a proper party and, consequently, that it lacks diversity jurisdiction.

## Conclusion

Based on the foregoing discussion, the court finds that the plaintiffs' motion to remand is well-taken and should be granted. A separate order in accord with this opinion shall issue this day.

This, the 27th day of March, 2018.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**